# United States District Court
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JUSTIN CODY HICKS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-018-ALM-KPJ |
| | § | |
| **COMMISSIONER, SSA,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 2, 2021, the Report and Recommendation of the Magistrate Judge (Dkt. #15) was entered containing proposed findings of fact and the recommendation that the final decision of the Commissioner of Social Security Administration be affirmed. Plaintiff then filed Objections (Dkt. #16) (the "Objections"), to which the Commissioner filed a response (Dkt. #18). Having received the Report and Recommendation of the Magistrate Judge, having considered Plaintiff's Objections, and having conducted a *de novo* review, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted.

### I. OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3).

Plaintiff reiterates in the Objections his arguments asserted before the Magistrate Judge, that (1) the ALJ committed reversible error in citing regulations that do not apply to claims filed before March 27, 2017; (2) the ALJ committed reversible error in citing regulations that do not exist; and (3) the ALJ erred in not finding vertebrogenic impairments severe (Dkt. #16).

### A.  Inapplicable Regulations

In Plaintiff's original brief, he argues the ALJ committed reversible error by citing to 20 C.F.R. §§ 404.1520b(c)(3)(i), 404.1513(a)(2)(i), and 416.913(a)(2)(i) to deny affording the medical opinion of Dr. Gregg Diamond, M.D. ("Dr. Diamond") any weight (Dkt. #12 at p. 6). Because these regulations apply to claims filed on or after March 27, 2017, Plaintiff believes this erroneous citation, in and of itself, warrants reversal and/or remand (Dkt. #12 at p. 6).  In the Report and Recommendation, the Magistrate Judge identified the regulations that would apply to claims filed before March 27, 2017, and the Magistrate Judge found these regulations would have produced the same result with respect to Dr. Diamond's medical opinion (Dkt. #15 at pp. 7–9). The Magistrate Judge reasoned that, under both sets of regulations, the ALJ can afford Dr. Diamond's document little to no weight because the document merely states Plaintiff is disabled and "is devoid of reasoning, narrative, description, or elaboration" as to Plaintiff's physical capabilities (Dkt. #15 at p. 9).  Thus, the Magistrate Judge concluded the ALJ's citation error constituted harmless error (Dkt. #15 at p. 9).

Plaintiff's Objection accuses the Magistrate Judge of "rehabilitat[ing]" the ALJ Decision by "assist[ing]" as a "third party" (Dkt. #16 at p. 2).  Plaintiff contends the ALJ Decision "should stand or fall based on the reasons contained therein," and by citing an incorrect set of regulations, the ALJ's Decision must fall (Dkt. #16 at p. 2).

Plaintiff's Objection is unavailing. Essentially, Plaintiff asks the Court to ignore the harmless error rule, which provides that a court will not vacate a judgment unless the substantial rights of a party have been affected so as to avoid wasting judicial resources and time. *See Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (per curiam). Having reviewed the three inapplicable regulations cited by the ALJ and the two applicable regulations identified by the Magistrate Judge, the regulations, in this context, all permit the same outcome with respect to Dr. Diamond's medical opinion. The Court reviews the five regulations below:

- 20 C.F.R. § 404.1520b(c)(3)(i), which does not apply to Plaintiff's claim, states: "Because the evidence listed . . . is inherently neither valuable nor persuasive on the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision. . . . [listing 'Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work']."

- 20 C.F.R. § 404.1527(d)(1), which applies to Plaintiff's claim, states, "Opinions on some issues, such as the examples that follow, are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability," and lists "Opinions that you are disabled" thereafter.

- 20. C.F.R. § 416.927(d)(1), which applies to Plaintiff's claim, is identically worded as § 404.1527(d)(1).

- 20 C.F.R. § 404.1513(a)(2)(i), which does not apply to Plaintiff's claim, defines a medical opinion as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations . . . [listing ability to perform physical demands of work activities as one example]."

- 20 C.F.R. § 416.913(a)(2)(i), which does not apply to Plaintiff's claim, defines a medical opinion in the same way as § 404.1513(a)(2)(i).

Thus, the Magistrate Judge was correct to find the ALJ's error harmless, as it is not conceivable the ALJ would have reached a different conclusion had the ALJ used the regulations applying to Plaintiff's claim. *See Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006)

("Not every error warrants reversal or remand. . . . Prejudice and harmless error analysis, although different procedurally, are similar in substance. A claimant establishes prejudice by showing that adherence to the [regulations] may have led to a different decision.").

### B. Regulations That Do Not Exist

Next, Plaintiff objects to the Magistrate Judge's finding "insofar as she failed to find that the ALJ erred in using regulations that do not exist" (Dkt. #16 at p. 2). Plaintiff's argument on this point is brief and primarily relies on the following paragraph from *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000):

> While HALLEX [*i.e.*, Hearings, Appeals and Litigation Law Manual of the Social Security Administration] does not carry the authority of law, this court has held that "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981). If prejudice results from a violation, the result cannot stand. *Id.*

(Dkt. #16 at p. 2).

Again, the Court finds Plaintiff's Objection unpersuasive. Plaintiff's Objection ignores the last sentence in the excerpt: "If *prejudice* results from a violation, the result cannot stand." 209 F.2d at 459 (emphasis added). In the Report and Recommendation, the Magistrate Judge found the ALJ's citations were incorrect by one letter and that such error was harmless (Dkt. #15 at pp. 10–11). The Court agrees. Because Plaintiff has not experienced any prejudice from any "violation," the ALJ's Decision should stand. *See Newton*, 209 F.2d at 459; *Bornette*, 466 F. Supp. 2d at 816.

### C. Severe Impairments

Lastly, Plaintiff Objects to the Magistrate Judge's finding that the ALJ did not err in finding Plaintiffs' vertebrogenic impairments not severe (Dkt. #16 at pp. 3–4). Plaintiff contends (1) the ALJ erred by "wholly fail[ing]" to explain the weight afforded to the medical opinions of state

4

medical agency consultants ("SAMC") Dr. Yvonne Post ("Dr. Post") and Dr. Kirstin Jarrard ("Dr. Jarrard"), and (2) the Magistrate Judge should have reviewed, with "equal diligence," records from Dr. James Froelich ("Dr. Froelich") and Dr. Gilbert Park ("Dr. Park") (Dkt. #16 at pp. 3–4).

### *1. SAMC Opinions*

Although an ALJ is not bound to any findings made by an SAMC, the ALJ must consider and explain the weight given to an SAMC's opinion. *See Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 515 (S.D. Tex. 2003); 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 96-6p, 1996 WL 374180 (July 2, 1996). But where an ALJ's finding is supported by substantial evidence, and the ALJ's discussion of an SAMC's findings is brief or even nonexistent, any error with respect to the SAMC's opinion is harmless. *See Hammond v. Barnhart*, 124 F. App'x 847, 851–52 (5th Cir. 2005) (finding harmless error where ALJ did not explicitly weigh the SAMC's opinions); *Alejandro*, 291 F. Supp. 2d at 515–16 (finding harmless error where ALJ did not mention the SAMC's opinions at all); *Andrews v. Astrue*, 917 F. Supp. 2d 624, 641 n.10 (N.D. Tex. 2013) (finding no reversible error where ALJ did not explicitly mention the SAMC's opinions, but ALJ stated he had considered "the entire record"); *Parisi v. Astrue*, No. 4:07-cv-711-Y, 2008 WL 5203704, at *7 (N.D. Tex. Dec. 10, 2008) (finding no error where ALJ briefly discussed the SAMC's findings); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("So the administrative law judge's opinion is vulnerable. But that is nothing new. No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

Here, the ALJ Decision states:

> In assessing the severity of the claimant's exertional impairments, I granted great weight to the opinions of State agency medical consultant Yvonne Post, D.O. and State agency medical consultant Kirstin Jarrard, M.D. (Exhibits 1A, 2A, 5A & 6A). Dr. Post and Dr. Jarrard are duly qualified medical professionals by virtue of their

>education and training and experts in disability evaluation by virtue of their experience as State agency medical consultants (20 C.F.R. 404.1527(c)(5) & 416.927(c)(5); SSR 17-2p.

Tr. at 17.

This discussion, while brief, demonstrates the ALJ considered the opinions from Dr. Post and Dr. Jarrard, and the ALJ afforded these opinions "great weight." *Id.* The citation to Exhibits 1A, 2A, 5A & 6A in the administrative transcript further illustrates the ALJ read through their reports. Overall, the Court is satisfied the ALJ considered the opinions from Dr. Post and Dr. Jarrard, as required under the regulations. Moreover, in affording the SAMC's opinions great weight, the ALJ's determination that Plaintiff's vertebrogenic impairments were not severe is supported by substantial evidence. Thus, to the extent the ALJ erred by not explaining more fully how the SAMC's opinions guided her severe impairment analysis, any such error is harmless. *See Hammond*, 124 F. App'x at 851 ("[T]here is no statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings."); *Gonzales-Sargent v. Barnhart*, No. SA-06-CA-0355-XR, 2007 WL 1752057, at *8 (W.D. Tex. June 15, 2007) (finding no error where "[i]t was apparent from [a] passage that the ALJ was aware of her obligation to consider the opinion of the state agency medical consultants, and that she did so, albeit briefly").

### 2. *Examining Other Records*

Furthermore, the Magistrate Judge did not err by not discussing other records from Dr. Froelich and Dr. Park. Plaintiff's Objection contends the Magistrate Judge should have expended additional "diligence" and reviewed pages 343 through 384 of the administrative transcript (Dkt. #16 at p. 4). According to Plaintiff, these materials would have established the ALJ committed reversible error (Dkt. #16 at p. 4).

As an initial matter, neither the Magistrate Judge nor the Commissioner had adequate notice of this argument. In his opening brief, Plaintiff argues the ALJ should have discussed formulaic, check-the-box forms from Dr. Froelich and Dr. Park, citing pages 895, 896, 897, and 902 (Dkt. #12 at p. 9). The reply brief rehashes this same point (Dkt. #14 at p. 4). These pincites are hundreds of pages removed from the page range raised in the Objection. *Compare* Dkt. #12 at p. 9 *with* Dkt. #16 at p. 4. Plaintiff's attempt to characterize the Magistrate Judge's review as lacking "diligence" is misplaced. In a social security case, the burden is on the plaintiff to identify alleged errors in the administrative record, not the Court. *See Hoffman v. Barnhart*, No. 1:00-cv-605, 2002 WL 31220354, at *8 (E.D. Tex. Oct. 4, 2002) ("[T]he court addresses only the points of error presented. It does *not* scour the record for other potential errors.") (emphasis added); *see also Elam v. Barnhart*, 386 F. Supp. 2d 746, 752–53 (E.D. Tex. 2005) (noting, in the context of *pro se* social security plaintiffs, a court's scouring of the record "for every conceivable error" may violate the court's obligation to be a neutral and unbiased arbiter). Accordingly, the Magistrate Judge did not err in failing to make Plaintiff's argument for him. Further, because Plaintiff never raised this argument in his opening and reply briefs, it is not properly before the undersigned. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 688–89 (N.D. Tex. 2013) (declining to address arguments raised for the first time in objections because the court was not put on notice and "[t]he court is not a mind reader").

But even if Plaintiff cited pages 343 through 384 in his opening and reply brief, such materials would not have warranted reversal and/or remand. Most of these documents do not

identify the author of the document.  Tr. at 344–45, 349–50, 361–62, 369–70, 378–79, 383–84. Other cited documents are signed by physician's assistants, who are not acceptable medical sources under the applicable regulations.  Tr. at 353–54, 357–58, 359–60, 365, 373–74; SSR 06-03p, 2016 WL 2329939 (Aug. 9, 2006) (explaining physician's assistants are not acceptable medical sources for applications filed before March 27, 2017); 84 Fed. Reg. 5,844 (Jan. 18, 2017) (explaining changes for applications filed on or after March 27, 2017).  As for documents from doctors who are acceptable medical sources, these materials merely report whether Plaintiff tested positive or negative for certain compounds.  Tr. at 347–48, 351–52, 355–56, 363, 366–68, 371–72, 375–77, 380–81.  They do not speak to Plaintiff's vertebrogenic impairments.  The ALJ did not commit reversible error in omitting them from her discussion.

## II.  CONCLUSION

Having considered Plaintiff's Objections (Dkt. #16), all other relevant filings, and having conducted a *de novo* review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #15) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

**SIGNED this 29th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE